E. EVERETT PHILLIPS, TRADING AS HARRISON SUPPLY
COMPANY, RESPONDENT, v. LOUIS KOPPELON AND K.
L. & G. REALTY COMPANY, A CORPORATION, APPEL-
LANTS.

Argued June 24, 1921—Decided October 14, 1921.

On appeal from the Supreme Court, in which the following
*per curiam* was filed:

"This is an action by the plaintiff against a builder and
owner on a stop-notice. The only defence is that the owner
was not indebted to the extent of the notice, and if he was,
then the directed verdict for plaintiff against both defend-
ants is proper. The facts are that the builder contracted with
the owner for the erection of the building; that the contract
was filed; that the plaintiff made a contract September 18th,
1919, to furnish defendant certain material, amount not
stated, at agreed prices, to be paid for on the first of each
month. Plaintiff furnished the materials, and defendant de-
faulted October 1st, 1919, the agreed pay day, when plaintiff
refused further deliveries, and on October 7th, 1919, a writ-
ten contract was made between them as follows: 'Abrogating
all former conversations and agreements, we will deliver to
Mr. Koppelon's job, Arlington and Pratt avenues, sand,
cement and brick as per prices already sold for. All to the
extent of $500 (five hundred dollars), provided, however, Mr.
Koppelon first makes payment in full of the present indebted-
ness as per bills rendered. Said further credit to be paid in
one month's time.' The prior indebtedness was paid and
plaintiff thereupon delivered materials to the extent of
$993.26. At the trial the defendant offered to prove that
the second contract was not intended to be a contract, which
proof the trial court refused, and directed a verdict for plaint-
iff, and defendant appeals. The point argued by appellant
is that oral testimony is admissible to show that a written
contract was not intended by the parties to be a contract, but

for a purpose entirely different from that expressed. That is not the rule in, this state. This contract is not ambiguous, and was acted on by both parties. It was made by its terms a settlement of all prior disputes about the subject-matter, in consideration of which the plaintiff was to extend a monthly credit to the defendant, who received the material and used it, which he does not deny, but desires to offer proof that the contract was not what it expressly says it was. The direction was correct and the judgment will be affirmed, with costs.'

For the appellants, *Kanter & Kanter.*

For the defendants, *Henry H. Fryling.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, HEPPENHEIMER, GARDNER, VAN BUSKIRK, JJ.    10.

*For reversal*—None.